UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ACCIDENT FUND INSURANCE          §
COMPANY OF AMERICA,              §
                                 §
        *Plaintiff,*              §
                                 §
v.                               §          Civil Action No. 3:25-CV-0375-X
                                 §
ONCOR ELECTRIC DELIVERY          §
COMPANY, LLC, et al.,            §
                                 §
        *Defendants.*             §

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Accident Fund Insurance Company of America's (Accident Fund) motion for partial summary judgment and Defendants Wade Barrow, Victor Quintanilla, and Oscar Rosales's motion for summary judgment (collectively, "Defendants"). (Docs. 29, 39). After careful consideration, the Court **DENIES** Accident Fund's motion for partial summary judgment and **GRANTS** Defendants' motion for summary judgment.

### I. Factual Background

In 2016, Defendants Quintanilla and Rosales were working as excavators for Alvarenga Underground Construction, LLC (Alvarenga LLC). While the men were working in a trench, a guy wire previously installed by Oncor Electric Delivery Company LLC (Oncor) electrocuted both men.

1

Accident Fund, Alvarenga LLC's workers' compensation insurance carrier, paid $69,004.48 in workers' compensation benefits to Quintanilla and $133,845.29 to Rosales.

In 2017, Quintanilla and Rosales filed suit against Oncor in the 160th Judicial District of Dallas County, Texas. In 2018 Accident Fund intervened, seeking to recover its subrogation lien for workers' compensation benefits paid to the men. The parties entered the following pre-trial stipulation that was later incorporated into the judgment: "[Accident Fund] has a right of reimbursement in the foregoing respective amounts out of ***any recovery*** by the respective Plaintiffs from Defendant in this case pursuant to Tex. Labor Code § 417.002 as a result of this payment."[1]

The jury found Oncor negligent, and apportioned responsibility of 48% to Oncor, 49% to Alvarenga LLC, 2% to Quintanilla, and 1% to Rosales. Following an unsuccessful appeal by Oncor, Oncor tendered funds to Quintanilla and Rosales's attorney, Wade Barrow, totaling $701,571.11 for Quintanilla and $1,148,128.01 for Rosales, along with $10,610.33 for taxable costs. Barrow offered to pay Accident Fund the subrogation lien amounts reduced by 49% for Alvarenga LLC's negligence, one-third for attorney's fees, and a proportionate share of the expenses. Accident Fund counteroffered but refused to discount for Alvarenga LLC's negligence in its calculation. Barrow rejected this offer, and Accident Fund filed this action asserting claims for conversion and breach of contract.

---

[1] Doc. 8 ¶8. (emphasis added).

## II. Legal Standard

Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  "A fact is material if it 'might affect the outcome of the suit'" and "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[3] Courts "resolve factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[4]

## III. Analysis

Both parties move for summary judgment because no facts are in dispute. Accident Fund's breach and conversion claims turn on a pure question of state law: May a workers' compensation carrier recover beyond what is authorized by the Texas Legislature?  Here, the answer is no and Accident Fund's claims as to all Defendants fail.[5]

---

[2] FED. R. CIV. P. 56(a).

[3] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[4] *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (cleaned up).

[5] Defendants Wade Barrow, Victor Quintanilla, and Oscar Rosales are the moving defendants in the motion for summary judgment.  But considering Accident Fund's theory fails as a matter of law, it has no independent cause of action or theory against remaining Defendant Oncor Electric Delivery Company LLC.

Chapter 417 of the Texas Labor Code governs a workers' compensation carrier's rights of subrogation and recovery from the injured worker.[6]  While a carrier possesses a statutory subrogation interest, that interest is limited.[7] Specifically, section 417.001(b) provides that a carrier's subrogation interest equals the amount benefits paid to the employee "less the amount by which the court reduces the judgment based on the percentage of responsibility determined by the trier of fact . . . attributable to the employer."[8]  And section 417.002(a) also limits reimbursement to the employee's "net amount recovered."[9]

As one Texas court of appeals explained,[10] "Sections 417.001(b) and 417.002 do not operate in vacuums . . . the two provisions are linked, and we must interpret them in light of each other."[11]  That court held that section 417.001(b)'s limitation—"less the amount by which the court reduces the judgment based on the percentage of responsibility"—applies *whenever* a jury allocates responsibility to the employer, even if no formal reduction is included in the judgment.[12]

---

[6] TEX. LAB. CODE §§ 417.001–003.  The Court applies Texas substantive law because this action is a suit in diversity.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[7] *Id.* §§ 417.001–.003.

[8] *Id.* § 417.001(b).

[9] *Id.* §§ 417.001(b), 417.002(a).

[10] When the Texas Supreme Court has not directly spoken, the Court must "make an *Erie* guess and determine, in their best judgment how the State's highest court would resolve the issue if presented with the same case." *Jatera Corp. v. US Bank Nat'l Ass'n*, 917 F.3d 831, 835 (5th Cir. 2019) (cleaned up).  Because the Texas Supreme Court denied review of this case, this interpretation of the statutory scheme remains persuasive authority.  *See New Hampshire Ins. v. Rodriguez*, 569 S.W.3d 275 (Tex. App.—El Paso 2019, pet. denied).

[11] *New Hampshire Ins.*, 569 S.W.3d at 302.

[12] *Id.* at 299–300.

To understand the statutory framework, the Court must "consider the statute as a whole, giving effect to each provision so that none is rendered meaningless or mere surplusage."[13]  Read in context, chapter 417 establishes a single, integrated framework governing both the amount of recovery and the scope of any subrogation interest ensuring that employer fault reduces not only the employee's damages but also the carrier's reimbursement interest.[14]

Despite the statutory provision, Accident Fund argues that section 417.001(b) does not apply because that provision was not included in the stipulation incorporated in the state court's final judgment.  But waivers require the intentional relinquishment of a known right, and courts generally do not infer waivers from silence or omission.[15]  And the mere failure to include language addressing statutory limitations does not constitute a waiver of those protections.[16]  So the scope of the carrier's reimbursement right is fixed by statute, not by the omission of the statute's reference in a pretrial agreement.  The Court finds no waiver and interprets and applies the statutory framework in full.

Thus, because section 417.001(b) limits the carrier's subrogation interest as to the amount a carrier may be reimbursed, the Court must calculate the size of Accident Fund's subrogation/reimbursement interest.

---

[13] *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016); *see also Thompson v. Goetzmann*, 337 F.3d 489, 501 (5th Cir. 2003).

[14] TEX. LAB. CODE §§ 417.001–.003.

[15] *Jerrigan v. Langley*, 111 S.W.3d 153, 157 (Tex. 2003).

[16] *Id.*

Here, the underlying jury apportioned responsibility in the Dallas County suit as 48% to Oncor, 49% to Alvarenga LLC, 2% to Quintanilla, and 1% to Rosales. As such, Accident Fund's subrogation interest—and by extension its ability to receive reimbursement—is reduced by the dollar amount the jury attributed to Alvarenga LLC's negligence. Because the jury found that Alvarenga LLC was responsible for 49% of the $1,600,000 in damages for Rosales (totaling $784,000) and $987,500 for Quintanilla (totaling $483,875), the Court must offset Accident Fund's subrogation/reimbursement interest by that amount. But Accident Fund only paid Quintanilla $69,004.48 and Rosales $133,845.29 in workers' compensation benefits. So Accident Fund is entitled to $69,004.08 it paid Rosales less the $784,000 the jury assigned as his employer's fault for Rosales's injuries. That's less than zero. Likewise, Accident Fund is entitled to $133,845.29 it paid Quintanilla less the $483,875 the jury assigned as his employer's fault for Quintanilla's injuries. That's less than zero. That means Accident Fund recovers nothing from Rosales and Quintanilla.[17]

An interpretation that allows a carrier to recover from the gross amount of damages without accounting for the Texas Labor Code's reductions and assignment of responsibility impermissibly isolates section 417.002(a) from the broader statutory framework and expands the carrier's rights beyond what the Legislature authorized.[18]

---

[17] *New Hampshire Ins.*, 569 S.W.3d at 298.

[18] TEX. LAB. CODE § 417.002(a).

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Accident Fund's motion for partial summary judgment (Doc. 29) and **GRANTS** Defendants Wade Barrow, Victor Quintanilla, and Oscar Rosales's motion for summary judgment (Doc. 39). The Court will issue a separate final judgment.

**IT IS SO ORDERED** this 7th day of April, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE